JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation,, <br><br> Plaintiffs, <br><br> vs. <br><br> **AUDOORMATICS USA, INC.**, a California corporation; **LEE'S COLLECTION, INC.**, a California corporation; **SHER LI**, an individual, **IVY CHEN**, an individual; and **RI HUA LI**, an individual, <br><br> Defendants. | CASE NO. 2:20-cv-11148-MCS-MAA <br> _____ <br><br> **STIPULATED FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO:** <br><br> **AUDOORMATICS USA, INC., LEE'S COLLECTION, INC.** |

# CONSENT JUDGMENT

The parties having considered the facts and applicable law and having agreed to the entry of this Stipulated Final Consent Judgment and Permanent Injunction ("Consent Judgment"), and the parties having stipulated that there is no just reason for delaying entry of final judgment in this action as to Audoormatics USA, Inc. ("Audoormatics") and Lee's Collection Inc. ("Lee's Collection"), (collectively Audoormatics and Lee's Collection are referred to herein as "Defendants") it is hereby ordered, adjudged, and decreed as follows:

# FINDINGS OF FACT

1. Plaintiff Seiko Epson Corporation ("Seiko Epson") is a corporation organized and existing under the laws of Japan. Its principal place of business is located at 3-3-5 Owa Suwashi Nagano-Ken, 392-8502, Japan. Seiko Epson is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including ink cartridges for use with Epson printers.

2. Plaintiff Epson America, Inc. ("Epson America") is a corporation organized and existing under the laws of the State of California. Its principal place of business is located at 3131 Katella Avenue, Los Alamitos, California 90720. As the North American sales, marketing, and customer service affiliate of Seiko Epson, Epson America is the exclusive licensee of the Epson Patents described below for distributing in the United States ink cartridges that are covered by the Epson Patents.

3. Plaintiff Epson Portland Inc. ("Epson Portland") is a corporation organized and existing under the laws of the State of Oregon. Its principal place of business is located at 3950 NE Aloclek Drive, Hillsboro, Oregon 97124. Epson Portland maintains an exclusive license to manufacture ink cartridges in the United States under the Epson Patents described below. Collectively, plaintiffs Seiko Epson, Epson America and Epson Portland are sometimes hereinafter referred to as "Epson" or "Plaintiffs."

4. Defendant Audoormatics is a corporation organized and existing under the laws of the State of California. It heretofore has been in the business, among others, of importing and selling aftermarket ink cartridges in the United States, including in the Central District of California, ink cartridges for use with Epson Printers.

5. Defendant Lee's Collection is a corporation organized and existing under the laws of the State of California. It heretofore has been in the business, among others, of importing and selling aftermarket ink cartridges in the United States, including in the Central District of California, ink cartridges for use with Epson Printers.

6. Defendants have sold within and offered to sell within the United States, including in the State of California, aftermarket ink cartridges for use with Epson printers.

7. Epson owns all right, title, and interest in, including the right to sue thereon and the right to recover for infringement thereof, the following United States patents:

    a. United States Patent No. 6,955,422 ("the '422 Patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on October 18, 2005.

    b. United States Patent No. 8,794,749 ("the '749 Patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on August 5, 2014.

    c. United States Patent No. 8,454,116 ("the '116 Patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on June 4, 2103.

8. The '422, '749, and '116 patents (collectively, the "Epson Patents") all relate generally to ink cartridges for printers.

9. Epson brought this action against Defendants for infringement of the Epson Patents.

10. Defendants have imported into, sold within, and offered to sell within, the United States, including the State of California, certain aftermarket ink cartridges for use with Epson printers that Epson has alleged infringe at least one claim of one or more of the Epson Patents (hereinafter, the "Accused Products"). A listing of the Accused Products is attached hereto as "Attachment A" and is incorporated herein by reference. Epson has alleged that the Accused Products all infringe at least one or more claim of one or more of the Epson Patents. More specifically, Epson has alleged that each of the claims of the Epson Patents listed in "Attachment B" hereto is

infringed by each of the Accused Products listed on "Attachment A" with respect to each such claim.

11. Any finding of fact which is deemed to be a Conclusion of Law is hereby adopted as such. Any Conclusion of Law which is deemed to be a finding of fact is hereby adopted as such.

12. The parties seek to terminate this litigation through this Consent Judgment.

## **CONCLUSIONS OF LAW**

13. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271. This Court has subject matter jurisdiction over the claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. The parties agree that this Court has personal jurisdiction over the parties, and that venue may be had in this district.

15. All the claims of the '422 patent are valid and enforceable.

16. All of the claims of the '749 patent are valid and enforceable.

17. All of the claims of the '116 patent are valid and enforceable.

18. Epson has alleged that each of the claims of the Epson Patents listed in Attachment B hereto is infringed by each of the Accused Products listed in Attachment A with respect to each such claim as set forth in Attachment B. Defendants do not contest Epson's allegations as set forth here and in Attachment B, and on that basis the Court finds that the Accused Products infringe the claims of the

Epson Patents as set forth in Attachment B. No determination is made that the Accused Products do not infringe other claims of the Epson Patents or other patents owned or controlled by Epson.

19. The parties intend and this Court explicitly orders that the issues of validity, enforceability, and infringement are hereby finally concluded and disposed of and this Consent Judgment bars Defendants from contending in this action or any other proceeding that the Accused Products and other products that are not colorably different therefrom do not infringe the Epson Patents.

20. This Judgement shall finally conclude and dispose of this litigation as to the parties to this Consent Judgment, and this Judgment shall be entitled to issue and claim preclusion effect.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A. Remedies for past infringement shall be in accordance with a Confidential Settlement Agreement made and entered into by the parties on June 23, 2021.

B. Defendants and their officers and directors, agents, servants, employees, attorneys, distributors, and affiliates, who are in active concert or participation with, through, or under them and who receive actual notice of this Judgment by personal service or otherwise, are hereby permanently enjoined from the sale of the Accused Products and any products not colorably different therefrom. Defendants and their officers and directors, agents, servants, employees, attorneys,

distributors, and affiliates, who are in active concert or participation with, through, or under them and who receive actual notice of this Judgment by personal service or otherwise, are also hereby permanently enjoined from any other acts that directly or indirectly infringe any claim of the Epson Patents, and from causing, inducing or contributing to the infringement of the Epson Patents by others.

      C.     This Consent Judgment shall become null and void on the expiration date of the last to expire of the '422, '749, and '116 patents. This Consent Judgment shall not apply with respect to any claim of an intellectual property right that has expired or been found or adjudicated invalid or unenforceable by a court of competent jurisdiction, provided that such finding or judgment has become final and non-reviewable.

      D.     This Court retains exclusive jurisdiction of this action, and the parties consent to venue in this Court, for the purpose of insuring compliance with this Consent Judgment and enforcement of the Confidential Settlement Agreement.

      E.     No appeal shall be taken by any party from this Consent Judgment, the right to appeal from this Consent Judgment being expressly waived by the parties.

      F.     This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of Plaintiffs against Defendants and Defendants against Plaintiffs with prejudices.

      G.     Each party shall bear its own costs and attorneys' fees.

H. Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this Final Consent Judgment and Permanent Injunction forthwith.

Dated: July 8, 2021

By: */s/ Douglas H. Morseburg*

**Douglas H. Morseburg**
dmorseburg@LeechTishman.com

*Counsel for Defendants:*
*Audoormatics USA, Inc., Lee's*
*Collection, Inc., Sher Li, Ivy Chen,*
*and Ri Hua Li*

By: */s/ Tigran Guledjian*

**Tigran Guledjian**
tigranguledjian@quinnemanuel.com
**Richard H. Doss**
richarddoss@quinnemaneul.com

*Counsel for Plaintiffs:*
*Seiko Epson Corporation,*
*Epson America, Inc., and*
*Epson Portland Inc.*

**IT IS SO ORDERED.**

Dated: July 10, 2021

_____
The Honorable Judge Mark C. Scarsi
United States District Court Judge

# Attachment A

Stipulated Final Consent Judgment and Permanent Injunction as to Audoormatics and Lee's Collection
*Seiko Epson Corporation, et al., v. Audoormatics USA, Inc., et al.*,
Civil Action No. 2:20-cv-11148-MCS-MAA (C.D. Cal.)

## List of Accused Products

The following ink cartridges and those no more than colorably different therefrom:

| | | | |
|---|---|---|---|
| 200XL | 200XL CISS | 220XL CISS | T200XL120 |
| T200XL220 | T200XL320 | T200XL420 | T220XL120 |
| T220XL220 | T220XL320 | T220XL420 | |

# Attachment B

Stipulated Final Consent Judgment and Permanent Injunction as to Audoormatics and Lee's Collection
*Seiko Epson Corporation, et al., v. Audoormatics USA, Inc., et al.*,
Civil Action No. 2:20-cv-11148-MCS-MAA (C.D. Cal.)

### Claim 1 of U.S. Patent No. 6,955,422

The following Accused Products, and those no more than colorably different therefrom, infringe at least claim 1 of the '422 Patent:

| | | | |
|---|---|---|---|
| 200XL | 200XL CISS | 220XL CISS | T200XL120 |
| T200XL220 | T200XL320 | T200XL420 | T220XL120 |
| T220XL220 | T220XL320 | T220XL420 | |

### Claim 1 of U.S. Patent No. 8,794,749

The following Accused Products, and those no more than colorably different therefrom, infringe at least claim 1 of the '749 Patent:

| | | | |
|---|---|---|---|
| 200XL | 200XL CISS | 220XL CISS | T200XL120 |
| T200XL220 | T200XL320 | T200XL420 | T220XL120 |
| T220XL220 | T220XL320 | T220XL420 | |

### Claim 18 of U.S. Patent No. 8,454,116

The following Accused Products, and those no more than colorably different therefrom, infringe at least claim 18 of the '116 Patent:

| | | | |
|---|---|---|---|
| 200XL | 200XL CISS | 220XL CISS | T200XL120 |
| T200XL220 | T200XL320 | T200XL420 | T220XL120 |
| T220XL220 | T220XL320 | T220XL420 | |